IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EVANA MARTINEZ,

    Plaintiff,

v.                                                               No. 1:23-cv-00661

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.

**HARTFORD'S ANSWER
TO PLAINTIFF'S COMPLAINT**

Defendant Hartford Insurance Company of the Midwest (Hartford), by and through its attorneys, Riley | Keller | Alderete | Gonzales (Courtenay L. Keller and Taryn M. Kaselonis), submits its Answer to Plaintiff's *Complaint for Breach of Insurance Contract, Violation of the New Mexico Unfair Claim Practices Act, and Bad Faith Actions* (Complaint) filed in the First Judicial District Court, County of San Miguel, State of New Mexico on 06/19/23 (Cause No. D-101-CV-2023-01326) and removed to this Court on 08/09/23 as follows:

**RESPONSE TO ALLEGATIONS**

This Defendant responds to the allegations in the Complaint as follows:

1.     In response to paragraph 1, upon information and belief, this Defendant admits the address listed for its named insured on the policy at issue in this case is located in Santa Fe, Santa Fe County, New Mexico, but has insufficient information upon which to form a belief as to the truth of the remaining allegations, therefore, it is otherwise denied.

2.      In response to paragraph 2, this Defendant admits it is a non-resident insurance company authorized by the New Mexico Superintendent of Insurance to transact business in New Mexico. This Defendant further admits it issued a homeowners policy (No. 55 RBB270643) to its named insured Evana Martinez (The Policy). This Defendant states the homeowners Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

3.      In response to paragraph 3, this Defendant admits it may be served with process in accordance with NMSA 1978, Sections 59A-5-31 and 59A-5-32.

4.      In response to paragraph 4, this Defendant admits the United States District Court for the District of New Mexico has jurisdiction over the parties and subject matter and that venue is proper in this District. This Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations stated in paragraph 4 and, therefore, denies same.

5.      In response to paragraph 5, this Defendant further admits it issued a homeowners policy (No. 55 RBB270643) to its named insured Evana Martinez (The Policy). This Defendant states the homeowners Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

6.      In response to paragraph 6, this Defendant denies any wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information

upon which to form a belief as to the truth of the remaining allegations stated in paragraph 6 and, therefore, denies same.

7. In response to paragraph 7, this Defendant admits the parties disagree on the scope of covered loss and the amount of policy benefits owed under the policy. This Defendant denies any wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations stated in paragraph 7 and, therefore, denies same.

8. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 8 and it is denied.

9. In response to paragraph 9, this Defendant further admits it issued a homeowners policy (No. 55 RBB270643) to its named insured Evana Martinez (The Policy). This Defendant states the homeowners Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

10. In response to paragraph 10, this Defendant further admits it issued a homeowners policy (No. 55 RBB270643) to its named insured Evana Martinez (The Policy). This Defendant states the homeowners Policy speaks for itself and denies all

allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

11.  In response to paragraph 11, this Defendant asserts the policy speaks for itself and denies all other allegations to the extent they are inconsistent with the terms and conditions of the policy. This Defendant admits Plaintiff submitted a claim for property damage sustained on or about June 19, 2022, and the policy was in effect on that date. This Defendant denies any wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 11 and, therefore, denies same.

12.  In response to paragraph 12, this Defendant asserts the policy speaks for itself and denies all other allegations to the extent they are inconsistent with the terms and conditions of the policy. This Defendant denies any wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 12 and, therefore, denies same.

13.  This Defendant denies the allegations in paragraph 13.

14.  In response to paragraph 14, this Defendant denies any allegations of misrepresentation. This Defendant further states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time,

this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 14 and it is denied.

15. In response to paragraph 15, this Defendant denies any allegations of misrepresentation. This Defendant further states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 15 and it is denied.

16. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 16 and it is denied.

17. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 17 and it is denied.

18. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 18 and it is denied.

19. This Defendant denies the allegations in paragraph 19.

20. In response to paragraph 20, this Defendant asserts the Policy speaks for itself and denies all other allegations to the extent they are inconsistent with the terms and conditions of the policy. This Defendant denies any wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 20 and, therefore, denies same.

21. In response to paragraph 21, this Defendant asserts the Policy speaks for itself and denies all other allegations to the extent they are inconsistent with the terms and conditions of the policy. This Defendant denies any wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 21 and, therefore, denies same.

22. This Defendant denies the allegations in paragraph 22.

23. This Defendant denies the allegations in paragraph 23.

24. This Defendant denies the allegations in paragraph 24.

25. This Defendant denies the allegations in paragraph 25.

26. This Defendant denies the allegations in paragraph 26.

27. This Defendant denies the allegations in paragraph 27.

28. This Defendant denies the allegations in paragraph 28.

29. This Defendant denies the allegations in paragraph 29.

30. This Defendant denies the allegations in paragraph 30.

31. This Defendant denies the allegations in paragraph 31.

32. This Defendant denies the allegations in paragraph 32.

33. In response to paragraph 33, this Defendant admits it acted through its adjusters. This Defendant denies all wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations of paragraph 33, and, therefore, denies same.

34. This Defendant denies the allegations in paragraph 34.

35. In response to paragraph 35, this Defendant asserts the Policy speaks for itself and denies all other allegations to the extent they are inconsistent with the terms and conditions of the policy. This Defendant denies any wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 35 and, therefore, denies same.

36. In response to paragraph 36, this Defendant admits it acted through its adjusters. This Defendant denies all wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at

this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations of paragraph 36, and, therefore, denies same.

37. This Defendant denies the allegations in paragraph 37.

38. Paragraph 38 is mere surplusage to which no response is required. To the extent a response is required, any allegations not otherwise sufficiently addressed herein are denied.

39. In response to paragraph 39, this Defendant asserts the Policy speaks for itself and denies all other allegations to the extent they are inconsistent with the terms and conditions of the Policy. This Defendant denies any wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 39 and, therefore, denies same.

40. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 40 and it is denied.

41. This Defendant denies the allegations in paragraph 41.

42. This Defendant denies the allegations in paragraph 42.

43. This Defendant denies the allegations in paragraph 43.

44. Paragraph 44 is mere surplusage to which no response is required. To the extent a response is required, any allegations not otherwise sufficiently addressed herein are denied.

45. This Defendant denies the allegations in paragraph 45 a-n.

46. This Defendant denies the allegations in paragraph 46.

47. This Defendant denies the allegations in paragraph 47.

48. This Defendant denies the allegations in paragraph 48.

49. This Defendant denies the allegations in paragraph 49.

50. Paragraph 50 is mere surplusage to which no response is required. To the extent a response is required, any allegations not otherwise sufficiently addressed herein are denied.

51. The assertions in paragraph 51 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

52. The assertions in paragraph 52 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent

they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

53. The assertions in paragraph 53 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

54. The assertions in paragraph 54 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the

truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

55. The assertions in paragraph 55 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

56. The assertions in paragraph 56 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

57. This Defendant denies the allegations in paragraph 57.

58. This Defendant denies the allegations in paragraph 58.

59. This Defendant denies the allegations in paragraph 59.

60. This Defendant denies the allegations in paragraph 60.

61. This Defendant denies the allegations in paragraph 61.

62. This Defendant denies the allegations in paragraph 62.

63. This Defendant denies the allegations in paragraph 63.

64. This Defendant denies the allegations in paragraph 64.

65. This Defendant denies the allegations in paragraph 65.

66. Paragraph 66 is mere surplusage to which no response is required. To the extent a response is required, any allegations not otherwise sufficiently addressed herein are denied.

67. This Defendant denies the allegations in paragraph 67.

68. This Defendant denies the allegations in paragraph 68.

69. This Defendant denies the allegations in paragraph 69.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed with prejudice as a matter of law.

2. Plaintiff's claims are barred because Hartford fully performed and continues to perform its obligations under the contract of insurance applicable to the claims alleged herein.

3. Plaintiff's claims are barred because Hartford acted in good faith and dealt fairly with its insured at all times material to the claims alleged herein.

4. Plaintiff's claims are barred because Hartford acted reasonably under the circumstances in this case.

5. Plaintiff's claims are barred because Hartford's reasons for not paying the amount of policy benefits demanded by Plaintiff are reasonable under the terms of the applicable policy and are neither frivolous nor unfounded.

6. Hartford has complied with and fully performed all statutory and common law duties owed to Plaintiff under New Mexico law.

7. Plaintiff's claims for policy benefits and extra-contractual damages are barred because a genuine dispute exists between the parties regarding whether there is coverage for the claimed damages under the subject policy.

8. Plaintiff's claims are barred insofar as this Defendant breached no duty owed to Plaintiff.

9. Plaintiff's claims are barred in whole or in part to the extent Plaintiff suffered no injuries or damages caused by this Defendant's alleged acts or omissions.

10. Plaintiff's claims are barred insofar as it has failed to comply with its obligations under the terms and conditions of the applicable policy.

11. Plaintiff's claims for policy benefits and extra-contractual damages are barred insofar as it has failed to meet one or more conditions precedent under the applicable policy.

12. Plaintiff's claims may be barred by the terms, conditions, definitions, and/or exclusions contained in the applicable policy.

13. Plaintiff's claims are barred insofar as it seeks damages, costs, expenses, attorneys' fees, and interest under theories that are contrary to well-established New Mexico law.

14. Plaintiff's claims are barred or should be reduced insofar as they do not comport with applicable provisions of the New Mexico Insurance Code.

15. Plaintiff may be liable to Hartford under NMSA 1978, Section 59A-16-30 (A) if it is shown that Plaintiff knowingly brought a groundless action.

16. Plaintiff's claims for punitive and exemplary damages are barred by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by the New Mexico Constitution insofar as those provisions prohibit the improper taking of property, cruel and unusual punishment, and denial of due process and equal protection of the laws.

17. Plaintiff's claims are barred under the doctrines of waiver and estoppel, accord and satisfaction, and unclean hands.

18. Plaintiff's claims may be barred by the applicable statute of limitations, statute of repose, and the doctrine of laches.

19. Plaintiff's damages may be barred or reduced to the extent it fails or has failed to mitigate her damages.

20. This Defendant has not knowingly or intentionally waived any applicable defense or claim in this matter and reserves the right to amend and/or supplement its pleading and/or its defenses as discovery proceeds and insofar as independent investigation, legal research, and analysis by counsel for this Defendant reveals additional

facts, adds meaning to known facts, leads to entirely new factual conclusions and legal contentions.

Any allegation contained in the Complaint to which a sufficient response has not been made is hereby denied. Any allegation contained in the Complaint that went unanswered or is mis-numbered is hereby denied.

Hartford does not know which, if any, additional affirmative defenses may apply. Hartford has not knowingly or intentionally waived any affirmative defenses. Hartford reserves the right to amend its Answer, to assert cross-claims and/or counterclaims, and to adopt and assert any additional defense of which it may learn through discovery.

## JURY DEMAND

This Defendant hereby demands a 12-person jury.

WHEREFORE, Defendant Hartford Insurance Company of the Midwest, having responded to Plaintiff's Complaint in full, respectfully requests that the Court enter an order of dismissal with prejudice, award its costs and fees, and grant such other and further relief as may be just and proper.

Respectfully submitted:

**RILEY | KELLER | ALDERETE | GONZALES**

By: */s/ Taryn M. Kaselonis (electronically filed)*
**COURTENAY L. KELLER**
**TARYN M. KASELONIS**
3880 Osuna Road NE
Albuquerque, NM  87109
(505) 883-5030
ckeller@rileynmlaw.com
tkaselonis@rileynmlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of August, 2023, the foregoing was electronically filed through the CM/ECF filing system, causing counsel of record to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the same day to the following:

Lawrence A. VandenBout
Callender Bowlin, PLLC
1550 Wewatta St., Floor 2
Denver, CO  80202
lawrence@cbtrial.com

 */s/ Taryn M. Kaselonis*
   **TARYN M. KASELONIS**